# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| SANDRO LOMEDICO and KEVIN J. NIBLOCK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARINEMAX, INC.,<br><br>Defendant. | Case No.: 8:24-cv-1784-MSS-AEP |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

On August 27, 2024, Plaintiffs Sandro Lomedico and Kevin J. Niblock filed a Consolidated Class Action Complaint ("Compl.," ECF No. 19) against Defendant MarineMax, Inc. in this action, which is a consolidation of two separate lawsuits against Defendant regarding a March 2024 Data Incident[1]. In the operative Complaint, Plaintiffs asserted claims for

---

[1] All capitalized terms used herein shall have the same meanings as those defined in the Settlement Agreement, attached as ***Exhibit A*** to Plaintiffs Motion for Preliminary Approval.

negligence; negligence per se; breach of implied contract; and unjust enrichment.

According to the Complaint, these claims arise out of a security incident impacting Defendant in March 2024 involving an intrusion into Defendant's system by an unauthorized and external individual. The information that may have been disclosed in the Data Incident included Plaintiffs' and Class Members' full names, Social Security numbers, and driver's license numbers. Through its investigation into the Data Incident, Defendant identified approximately 123,494 potentially impacted individuals.

After informal discovery and lengthy, arms-length negotiations among experienced counsel, the parties, through their counsel, have entered into a Settlement Agreement wherein the parties have agreed to settle this action, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement, which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Motion for Preliminary Approval is granted as set forth herein.

**I.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY**

For settlement purposes only and pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e), the Court provisionally certifies a class in this matter defined as follows:

> All natural persons who were identified to receive a notification letter from MarineMax, Inc. or Newcoast as a result of the Data Incident. Excluded from the Settlement Class are all attorneys and employees of Settlement Class Counsel, any judicial officer to whom this case is assigned, and persons who validly opt out of the settlement by following the procedures set forth herein.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f)

a class action and class settlement is superior to other methods available for a fair and efficient resolution of this case.

## II.   SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

Sandro Lomedico and Kevin J. Niblock are hereby provisionally designated and appointed as the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members, and therefore typical of the Class, and that they will be adequate Settlement Class Representatives.

The Court finds that Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC and Brittany Resch of Strauss Borrelli PLLC are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

## III.   PRELIMINARY SETTLEMENT APPROVAL

Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

## IV. JURISDICTION

The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## V. FINAL APPROVAL HEARING

A Final Approval Hearing shall be held on _____ in Courtroom ____ of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to determine, among other things, whether: (1) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e); (2) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; and (5) the application of Settlement Class Counsel for an award of attorneys' fees and costs should be approved pursuant to Federal Rule of Civil Procedure 23(h).

Plaintiffs' motion for final approval of the Settlement shall be filed. with the Court by _____. Settlement Class Counsel's Attorneys' Fee

and Costs Application shall be filed with the Court by _____. By no later than _____, the parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Attorneys' Fee Application.

## VI. ADMINISTRATION

The Court appoints Kroll Settlement Administration as the Claims Administrator, with responsibility for effectuating the Notice Program and claims administration. All costs of administration of the Settlement, including all costs to carry out the Notice Program, shall be made exclusively from the Gross Settlement Amount.

## VII. NOTICE TO THE CLASS

The Proposed Notice Program set forth in the Settlement Agreement, and the Claim Form, Postcard Notice, and Long Form Notice, attached to the Settlement Agreement as Exhibits A, B, and C, satisfy the requirements of <u>Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1)</u>, and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

By _____, the Claims Administrator shall complete the Notice Program, which shall be completed in the manner set forth in the

Settlement Agreement.

## VIII.  FINDINGS CONCERNING NOTICE

The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Section VII of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice under the circumstances to the Settlement Class; (b) is reasonably calculated to apprise Settlement Class Members of: (i) the nature of this action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c); (c) is reasonable and constitutes due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

## IX. CLASS ACTION FAIRNESS ACT NOTICE

The Settlement Administrator has timely served or has caused to be served (or shall timely serve or cause to be served) a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## X. EXCLUSION FROM CLASS

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail via First Class Mail to the Claims Administrator a signed letter, postmarked no later than the Exclusion Deadline, containing: (1) the title of the Consolidated Action; (2) the full name, address, telephone number, and email address of the person requesting exclusion; and (3) a statement that he or she requests exclusion from the Settlement Class.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may file with the Court as an exhibit to the Final Approval Motion. Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement

Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

## XI.   OBJECTIONS AND APPEARANCES

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement or the Attorneys' Fee Application and must do so no later than the Objection Deadline.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the Objection Deadline; and (b) served by first class mail on Defense Counsel and Settlement Class Counsel by the Objection Deadline. For an objection to be considered by the Court, the objection must also include:

   a. the objector's full name, mailing address, telephone number, and email address (if any);

   b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c. the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs;

e. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

g. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

h. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

i. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

j. the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to substantially comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the Release in the Settlement Agreement if Final Approval and Judgment is entered. The Court retains the right to allow objections in the interest of justice. Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement or the Attorneys' Fee Application.

If Final Approval and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement or the Fee Request.

## XII. CLAIMS PROCESS AND DISTRIBUTION AND ALLOCATION PLAN

The Settlement Class Representatives and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in the Settlement Agreement and directs that the Claims Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notices and the Claim Form. If Final Approval and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in the Settlement Agreement, and the Final Approval Order and Judgment.

## XIII. TERMINATION OF THE SETTLEMENT

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

## XIV. USE OF ORDER

This Order shall be of no continuing force or effect if Final Approval and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

## XV. STAY OF PROCEEDINGS

Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval and Judgment, or until further order of this Court.

## XVI. CONTINUANCE OF HEARING

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

## XVII. SUMMARY OF DEADLINES

The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

1. Notice Deadline: <u>30 Days after entry of the Preliminary Approval Order</u>.

2. Application for Attorneys' Fees and Costs: <u>45 Days after the Notice Deadline.</u>

3. Exclusion and Objection Deadlines: <u>60 Days after Notice</u>

   Deadline.

4. Claims Deadline: <u>90 calendar days to begin on the Notice Deadline</u>.

5. Motion for Final Approval: <u>15 calendar days prior to the original date of the Final Approval Hearing</u>.

6. Final Approval Hearing: _____ before the Honorable _____ in the United States Courthouse, Courtroom _____, 801 North Florida Avenue, Tampa, Florida.

7. The dates set in this Order should be used as appropriate in the Notices to the Class.

**DONE AND ORDERED** in Tampa, Florida, this \_\_\_ day of _____.