## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| SANDRO LOMEDICO and KEVIN J. NIBLOCK, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARINEMAX, INC., <br><br> Defendant. | Case No.: 8:24-cv-1784-MSS-AEP |

## PLAINTIFFS' UNOPPOSED APPLICATION FOR
## ATTORNEYS' FEES AND COSTS

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Sandro Lomedico and Kevin J. Niblock, individually, and on behalf of the Settlement Class,[1] respectfully submit this Unopposed Application for Attorneys' Fees and Costs, supported by the Joint Declaration of Settlement Class Counsel ("Fee Joint Decl."), attached as **_Exhibit A_**.[2]

---

[1] All capitalized terms used herein shall have the same meanings as those defined in the Settlement Agreement. *See* ECF No. 29-1, Settlement Agreement ("S.A.").

[2] Defendant's non-opposition to this Application for Attorneys' Fees and Costs is not to be construed as an admission of any wrongdoing or agreement as to the ultimate viability of Plaintiffs' legal theories and shall not be construed as consenting to class certification for any purpose other than to resolve this matter consistent with the terms of the settlement agreement. Accordingly, Defendant reserves all rights to defend itself if this settlement is not approved and litigation proceeds accordingly.

1

Settlement Class Counsel Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC and Brittany Resch of Strauss Borrelli PLLC worked diligently on behalf of Plaintiffs and the approximately 123,494 Settlement Class Members in this data breach case. On February 13, 2025, this Court preliminarily approved the Settlement, which provides for substantial Settlement Class Member benefits, including a non-reversionary, all cash $1,018,825.50 Gross Settlement Amount, from which Settlement Class Members may elect to receive Cash Payments and Credit Monitoring. From the Gross Settlement Amount, all Settlement Class Member Benefits, all Settlement Administration Costs, and any Court-awarded attorneys' fees and costs will be paid. The Settlement Agreement provides that Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Gross Settlement Amount, plus reimbursement of costs. *See* ECF No. 29-1, Settlement Agreement ("S.A.") at ¶ 3.2.

Plaintiffs and Class Counsel now apply for an award of attorneys' fees of one-third of the Gross Settlement Amount, or $339,268.90, and costs of $576.25. The Notices to the Settlement Class Members included the amounts for which Plaintiffs and Class Counsel now move, as required by this Court and the Settlement Agreement. Fee Joint Decl. ¶4; S.A. § 6, Exs. B and C; ECF No. 32. To date, there have been no objections. Fee Joint Decl. ¶5. Plaintiffs and Settlement Class Counsel's request for attorneys' fees and costs is

reasonable and should be approved pursuant to Federal Rule of Civil Procedure 23(h).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

MarineMax is a Florida-based company that sells boats and also offers financing, insurance, and educational programs. ECF No. 19, Consolidated Complaint, ¶ 2. MarineMax collected, and continues to collect, the PII of its employees and customers throughout its usual course of business operations. *Id* ¶ 4. MarineMax acquired, collected, and stored Plaintiffs' and Class Member's PII. *Id* ¶ 54. Plaintiffs are a former employee and a former customer of MarineMax. *Id* ¶¶ 26, 146, 159. Plaintiffs and Class Members are legally required to provide certain PII both to obtain employment and to purchase a boat . *Id* ¶¶ 55, 56.

On or about July 16, 2024, Defendant began sending Plaintiffs and others a Notice of Data Incident ("Notice Letter"), informing them:

> **What Happened.** On March 10, 2024 we discovered that we were the victim of a cybersecurity incident that impacted a limited portion of our information environment. Based on our investigation of the incident, we determined that an unauthorized third party obtained access to our environment. Our investigation recently concluded, and it was determined that the unauthorized third party acquired some of our data, which contained your personal information.
>
> **What Information Was Involved.** The impacted files contained your personal information, including your social security number,

driver's license number, and name.[3]

*Id.* ¶ 31. MarineMax estimated the PII of approximately 123,494 individuals—including Plaintiffs and Settlement Class Members—was potentially impacted. *Id.* ¶ 7.

On July 29, 2024, Sandro Lomedico, on behalf of himself and similarly situated individuals, filed a putative class action complaint against MarineMax, Inc. in the Middle District of Florida, Tampa Division, Case No. 8:24-cv-01784 (the "Lomedico Action") ECF No. 1. Subsequently, on August 20, 2024, Kevin J. Niblock, on behalf of himself and similarly situated individuals, filed a putative class action complaint against MarineMax, Inc. in the Middle District of Florida, Tampa Division, Case No. 8:24-cv-01955 (the "Niblock Action"). *See* ECF No. 29-2, Joint Declaration of Class Counsel in support of Preliminary Approval ("MPA Joint Decl.") ¶¶ 4-5,  ECF No. 29-1, S.A.

On August 27, 2024, Plaintiffs filed a Joint Motion to Consolidate Actions, Appoint Interim Counsel, and Set Scheduling Deadlines. ECF No. 15. On September 25, 2024, the Court entered an Order consolidating the two actions and appointing Mariya Weekes of Milberg Coleman Bryson Phillips

---

[3]    The "Notice Letter". A sample copy is available at https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/07822acb-6bb3-4bf8-8ea6-9a7b98f106c0.html

Grossman, PLLC and Brittany Resch of Strauss Borrelli, PLLC as interim class counsel. *See* ECF No. 17.

Plaintiffs filed their Consolidated Complaint on October 1, 2024. ECF No. 19. Thereafter the Parties began discussing the possibility of early resolution. On October 30, 2024, the Parties filed a Joint Motion to Stay Proceedings. *See* ECF No. 23. On November 1, 2024, the Court entered an Order granting the Parties Joint Motion to Stay and directing the Parties to file a Joint Status report by January 6, 2025. *See* ECF No. 24. To enable productive and good faith settlement discussions, Plaintiffs informally requested specific information from Defendant, to which Defendant responded by providing information related to, among other things, the nature and cause of the Data Incident, the number and geographic locations of individuals that received notice of the Data Incident, and the specific type of information potentially impacted in the Data Incident. MPA Joint Decl. ¶ 8. Plaintiffs and Class Counsel reviewed key information, which, in consultation with their data security experts, allowed them to confidently evaluate the strengths and weaknesses of Plaintiffs' claims and prospects for success at class certification, summary judgment, and trial. *Id*. ¶ 17.

Over the following weeks, the Parties continued to negotiate certain terms of the Agreement, including the terms of the Releases, the Claims Administrator and its respective duties, the Notice Program and Notices, the

Claim process and Claim Forms, and proposed schedule of post-settlement events. *Id.* ¶ 11. During this time, the Parties worked diligently to finalize the terms of the Agreement and ancillary documents. *Id*.

On January 30, 2025, the Parties signed a Settlement Agreement that encompasses their final agreements and will, once finally approved, resolve Plaintiffs' claims on a class-wide basis and dismiss all claims against Defendant with prejudice. *Id.* The Settlement provides significant monetary relief for the Settlement Class, including a non-reversionary, all cash $1,018,825.50 Gross Settlement Amount. The Parties did not discuss attorneys' fees and costs until after they reached agreement on all material Settlement terms. *Id.* ¶ 10.

With their agreement finalized, Plaintiffs filed a motion to extend the page limits for the preliminary approval motion, ECF No. 27, and once that motion was granted, ECF No. 28, Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement on February 3, 2025, ECF No. 29. On February 13, 2025, this Court granted preliminary approval of the settlement, conditionally certified the Settlement Class, appointed Class Representatives and Settlement Class Counsel, and directed that Notice be disseminated. ECF No. 32.

## II.    LEGAL STANDARD

Under Rule 23(h), district courts supervising class actions may "award reasonable attorney's fees and nontaxable costs that are authorized by law." Fed. R. Civ. P. 23(h). It is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to attorneys' fees based upon the benefit obtained. *Camden I Condo. Ass'n. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The common benefit doctrine is an exception to the general rule that each party must bear its own litigation costs. "The doctrine serves the 'twin goals of removing a potential financial obstacle to a plaintiff's pursuit of a claim on behalf of a class and of equitably distributing the fees and costs of successful litigation among all who gained from the named plaintiff's efforts.'" *Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744, 2015 WL 6751061, at *10 (S.D. Fla. Nov. 5, 2015) (citation omitted). "The common benefit doctrine stems from the premise that those who receive the benefit of a lawsuit without contributing to its costs are 'unjustly enriched' at the expense of the successful litigant." *Id.* (citing *Van Gemert*, 444 U.S. at 478). "As a result, the Supreme Court, the Eleventh Circuit, and courts in this District have all recognized that '[a] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as whole.'" *Id.* (citations omitted); *see also Camden I*, 946 F.2d at 771

7

("Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval."). Courts have also recognized that appropriate fee awards in cases such as this encourage redress for wrongs caused to entire classes of persons and deter future misconduct of a similar nature. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980). Adequate compensation promotes the availability of counsel for aggrieved persons.

In the Eleventh Circuit, class counsel are awarded a percentage of the funds obtained through a settlement. *See Hanley v. Tampa Bay Sports & Ent. LLC*, No. 8:19-CV-550-CEH-CPT, 2020 U.S. Dist. LEXIS 89175, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) ("district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund.") (citing *Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 U.S. Dist. LEXIS 153786, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming attorneys' fee award of 33 1/3% to class counsel)).

In *Camden I* – the controlling authority regarding attorneys' fees in common-fund class actions – the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from

a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." 946 F.2d at 774.

The Court has discretion in determining the appropriate fee percentage. "There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001) (quoting *Camden I*, 946 F.2d at 774). Nonetheless, "[t]he majority of common fund fee awards fall between 20 percent to 30 percent of the fund" – though "an upper limit of 50 percent of the fund may be stated as a general rule." *Id.* (quoting *Camden I*, 946 F.2d at 774-75); *see also Waters*, 190 F.3d at 1294 (approving fee award where the district court determined that the benchmark should be 30 percent and then adjusted the fee award higher in view of the circumstances of the case).

## III.    ARGUMENT

### A. Application of the *Camden I* Factors Supports the Requested Fee.

The Eleventh Circuit has provided a set of factors the Court should use to determine a reasonable percentage to award as an attorney's fee to class counsel in class actions:

> 1)    the time and labor required;
>
> 2)    the novelty and difficulty of the relevant questions;

9

3)    the skill required to properly carry out the legal services;

4)    the preclusion of other employment by the attorney as a result of his acceptance of the case;

5)    the customary fee;

6)    whether the fee is fixed or contingent;

7)    time limitations imposed by the clients or the circumstances;

8)    the results obtained, including the amount recovered for the clients;

9)    the experience, reputation, and ability of the attorneys;

10)    the "undesirability" of the case;

11)    the nature and the length of the professional relationship with the clients; and

12)    fee awards in similar cases.

*Camden I*, 946 F.2d at 772 n.3.[4] These twelve factors are guidelines and are not exclusive. "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Sunbeam*, 176 F. Supp. 2d

---

[4] The seventh and eleventh factors are relatively neutral, though it has certainly been important to Class Counsel to efficiently obtain the Settlement benefits for the Settlement Class impacted by the Data Incident.

at 1333 (quoting *Camden I*, 946 F.2d at 775). In addition, the Eleventh Circuit has "encouraged the lower courts to consider additional factors unique to the particular case." *Camden I*, 946 F.2d at 775.

## 1. The Result Achieved in This Litigation Required Substantial Time and Effort.

Investigating, prosecuting, and settling these claims demanded considerable time and labor, making this fee request reasonable. Fee Joint Decl. ¶¶7-8, 13, 16. Settlement Class Counsel devoted substantial time investigating the claims. *Id.* Settlement Class Counsel also expended resources researching and developing the legal claims at issue. *Id.* The eventual organization of Settlement Class Counsel ensured the work was coordinated to maximize efficiency and minimize duplication of effort. *Id.* Substantial time and resources were also dedicated to consolidating and organizing the related actions, exchanging informal discovery, and spending weeks negotiating the settlement at arm's-length. *Id.* Significant time was then devoted to negotiating and drafting the Agreement, the Preliminary Approval process, and to all actions required thereafter by the Agreement and the Preliminary Approval Order. *Id.* Settlement Class Counsel has spent substantial time drafting this motion and will expend additional time leading up to the filing of the Motion for Final Approval, addressing the Notice Program, Claims process, and drafting the Motion for Final Approval. *Id.* Time will also be spent

preparing for and attending the Final Approval Hearing. *Id.* Finally, Settlement Class Counsel will devote substantial time to Settlement administration should Final Approval be granted to ensure Valid Claims are paid and the Settlement if fully implemented. *Id.*

Settlement Class Counsel's coordinated work paid dividends for the Settlement Class. *Id.* Each of the above-described efforts was essential to achieving the Settlement. *Id.* Settlement Class Counsel's time and resources devoted to prosecuting and settling this Action justify the requested fee. *Id.*

## 2. The Novelty and Difficulty of the Relevant Questions Required Skilled and Experienced Counsel.

This Court has witnessed the quality of Settlement Class Counsel's legal work, which conferred a substantial benefit on the Settlement Class in the face of significant litigation obstacles. *Id.* ¶18. This factor weighs heavily in support of the requested attorneys' fee award. In fact, courts routinely recognize the novelty and difficulty of the questions presented in a case as a "significant factor to be considered in making a fee award." *Francisco v. Numismatic Guaranty Corp. of America*, No. 06-61677-CIV, 2008 U.S. Dist. LEXIS 125370, 2008 WL 649124, at *15 (S.D. Fla. Jan. 31, 2008). Data breach class actions are notoriously risky and complex cases that present novel issues of law and fact as data security continues to develop and evolve. *See In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. l:17-md-2807, 2019 WL 3773737, at *7

(N.D. Ohio Aug. 12, 2019) (recognizing that "[d]ata breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts. And of course, juries are not always predictable."); *Fox v. Iowa Health Sys.*, No. 3:18-cv-00327, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021) ("Data breach litigation is evolving; there is no guarantee of the ultimate result . . . [they] are particularly risky, expensive, and complex.").

In evaluating the quality of representation by Settlement Class Counsel, the Court should also consider opposing counsel. *See Camden I*, 946 F.2d at 772 n.3. Defendant is represented by extremely capable counsel who are worthy, highly competent adversaries. Fee Joint Decl. ¶21; *Walco Invs. v. Thenen*, 975 F. Supp. 1468, 1472 (S.D. Fla. 1997).

### 3. Settlement Class Counsel Achieved a Successful Result.

Given the significant litigation risks Settlement Class Counsel faced, the Settlement represents a successful result, with $1,018,825.50 recovered for the Settlement Class, affording them meaningful Settlement benefits designed to meet the typical repercussions faced by consumers following the Data Incident. The risk involved is emphasized by the fact that, historically, data breach class actions face substantial hurdles in surviving the class certification stage. *See, e.g., In re Blackbaud, Inc., Customer Data Breach Litig.*, No.: 3:20-mn-02972-JFA, 2024 WL 2155221 (D.S.C. May 14, 2024) (denying motion for class certification); *Fulton-Green v. Accolade, Inc.*, No. 18-274, 2019 WL 4677954,

13

at *8 (E.D. Penn. Sept. 23, 2019) (noting that data breach class actions are "a risky field of litigation because [they] are uncertain and class certification is rare"); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21 (D. Me. 2013). Further, maintaining class certification through trial is another overarching risk. Fee Joint Decl. ¶¶10, 22. Considering Defendant has compelling (and still relatively untested) defenses, continuing to pursue this case posed a significant risk for Plaintiffs and the Settlement Class. *Id.* Therefore, Class Counsel's risks weigh in favor of Settlement Class Counsel's requested attorneys' fee.

### 4. Settlement Class Counsel Assumed Considerable Risk to Pursue This Action on a Pure Contingency Basis and Lost Opportunity for Other Employment.

In undertaking to prosecute this case entirely on a contingent fee basis, Settlement Class Counsel assumed a significant risk of nonpayment or underpayment, while foregoing the opportunity to work on other cases. *Id.* ¶15. That risk warrants an appropriate fee. Indeed, "[a] contingency fee arrangement often justifies an increase in the award of attorney's fees." *Sunbeam*, 176 F. Supp. 2d at 1335 (quoting *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988)). Settlement Class Counsel remains completely uncompensated for the time and costs invested in the Action. Fee Joint Decl. ¶¶13-15. Public policy concerns—ensuring the continued

availability of experienced and capable counsel to represent classes of injured plaintiffs holding small individual claims—also support the requested attorneys' fee. *Id.* ¶15. In the court's words:

> Generally, the contingency retainment must be promoted to assure representation when a person could not otherwise afford the services of a lawyer. . . . A contingency fee arrangement often justifies an increase in the award of attorney's fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Behrens*, 118 F.R.D. at 548. This factor weighs in favor of granting the requested fee.

### 5. The Requested Fee Comports with Fee Awards in Similar Cases.

The attorneys' fee award sought here is within the range of fees typically awarded in similar cases in the Eleventh Circuit and in the Southern District. *See In re Mednax Servs., Inc.*, No. 21-md-02994-RAR, 2024 WL 4415214, at *5 (S.D. Fla. Oct. 4, 2024) (noting district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common fund settlement); *see also, e.g., In re Checking Account Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2020 WL 4586398, at *16 (S.D. Fla. Aug. 10, 2020) (awarding 35%); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1257-58 (S.D. Fla. 2016) (awarding 33.33%); *Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit

mirrors that of awards nationwide—roughly one-third;" citing Circuit case law and listing Southern and Middle District of Florida attorneys' fees awards); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) (affirming fee award of 33.33 % of settlement).

Examples of attorneys' fee awards of 33.33% or higher in data breach cases include: *Garza v. HealthAlliance, Inc.*, No. 72450/2023 (NY Sup. Ct., Weschester Cty.) (approving 35% of the settlement fund); *In re Planet Home Lending, LLC Data Breach*, No. 3:24-cv-127 (KAD) (D. Conn.), DE# 48 (approving 33.33% of the settlement fund); *In re CorrectCare Data Breach Litig.*, No. 5:22-319-DCR, 2024 WL 4211480, at *4 (E.D. Ky. Sept. 14, 2024) (approving one-third of the settlement fund); *Kondo, et al. v. Creative Services, Inc.*, No. 1:22-cv-10438-DJC, DE# 39 (D. Mass. Sept. 7, 2023) (same); *In re Sovos Compliance Data Security Incident Litigation*, No. 1:23-cv-12100 (D. Mass.), DE# 12 (same); *Alliance Ophthalmology, PLLC v. ECL Group, LLC*, Nos. 1:22-CV-296, 1:22-CV-468, 2024 WL 3203226, at *14-16 (M.D.N.C. June 27, 2024); *Abrams, et al. v. The Savannah College of Art and Design Inc.*, No. 1:22-cv-04297-LMM, DE# 29 (N.D. Ga. Sept. 23, 2023) (same); *Phelps, et al. v. Toyotetsu North America*, No. 6:22-cv-00106-CHB-HA, DE# 47 (E.D. Ky. Oct. 25, 2023) (same); *In re: Forefront Data Breach Litigation*, No. 1:21-cv-000887-LA, 2023 WL 6215366, at *9 (E.D. Wis. Mar. 22, 2023) (same); *Davidson v. Healthgrades Operating Company, Inc.*, No. 1:21-cv-01250-RBJ, DE# 50 (D.

16

Colo. Aug. 22, 2022) (same).

Settlement Class Counsel's request is also reasonable considering the market rate in the private marketplace "where attorneys typically negotiate percentage fee arrangements with their clients." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007). As such, "attorneys regularly contract for contingent fees between 30% and 40% directly with their clients." *Id.* Indeed, this Court has recognized a fee of 33.33% "is at the market rate of what the Class could have negotiated with counsel . . . as a traditional contingency fee arrangement at the outset of the case." *Morgan*, 301 F. Supp. 3d at 1255; *see also Checking Account*, 830 F. Supp. 2d at 1366 (acknowledging class counsel's requested fee of 30% "falls on the low end of the average in the private marketplace" where contingency fees of up to 40% are customary in the private marketplace). This factor also weighs in favor of granting the requested fee of one-third of the Gross Settlement Amount.

### 6. The Litigation Costs are Reasonable.

Settlement Class Counsel request reimbursement of $576.25 for litigation costs that Settlement Class Counsel incurred and paid in connection with the prosecution of the Action and the Settlement. The costs include fees related to filing, service, and pro hac vice applications. Fee Joint Decl. ¶19. Ordinary law firm overhead costs, including postage and legal research, are not included. Plaintiffs' attorneys are entitled to reimbursement of reasonable

and necessary out-of-pocket expenses incurred in the course of activities that benefitted the class. *Morgan*, 301 F. Supp. 3d at 1258. Further, pursuant to Fed. R. Civ. P. 23(h), a trial court may award nontaxable costs that are authorized by law or the parties' agreement. *See also Behrens*, 118 F.R.D. at 549 (noting plaintiffs' counsel is entitled to be reimbursed from the class fund for reasonable expenses incurred).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs and Settlement Class Counsel respectfully request that the Court grant Plaintiffs' unopposed application for attorneys' fees and costs.

### <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Plaintiffs have met and conferred with Defendant and Defendant does not oppose the relief requested in this Application for Attorneys' Fees and Costs.

Dated: April 22, 2025.                      Respectfully submitted,

By: *<u>/s/ Brittany Resch</u>*
Brittany Resch (*Pro Hac Vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
bresch@straussborrelli.com

MARIYA WEEKES
Florida Bar No. 56299
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
201 Sevilla Avenue, 2nd Floor
Coral Gables, FL 33134
Telephone: (786) 879-8200
Facsimile: (786) 879-7520
Email: mweekes@milberg.com

*Counsel for Plaintiffs and the Proposed*
*Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Brittany Resch, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 22nd day of April, 2025.

STRAUSS BORRELLI PLLC

By: *<u>/s/ Brittany Resch</u>*
  Brittany Resch
  STRAUSS BORRELLI PLLC
  One Magnificent Mile
  980 N Michigan Avenue, Suite 1610
  Chicago IL, 60611
  Telephone: (872) 263-1100
  Facsimile: (872) 263-1109
  bresch@straussborrelli.com